# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:07CV270-H

| | |
|---|---|
| ARRINGTON MANUFACTURING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) **MEMORANDUM AND ORDER** |
| BAM RACING, LLC, ANTHONY R. MORGENTHAU, and BETH ANN MORGENTHAU, | ) ) ) ) |
| Defendants. | ) ) ) |

**THIS MATTER** is before the Court on the Plaintiff's "Motion for Partial Summary Judgment . . ." and "Memorandum of Law in Support . . . [with attached exhibits]" (document #22), filed November 14, 2007. On December 17, 2007, Defendant BAM Racing, LLC filed its ". . . Response in Opposition . . ." (document #25). The Plaintiff filed its "Reply . . ." (document #26) on December 20, 2007.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c), and the subject Motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will grant the Plaintiff's Motion for Partial Summary Judgment, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action alleging breach of contract and quantum meruit/breach of implied contract at law against Defendant BAM Racing; fraud and unfair and deceptive trade practices against Defendants BAM Racing and Anthony R. Morgenthau; and piercing the corporate veil against

Anthony R. Morgenthau and Beth Ann Morgenthau. Through the subject Motion, the Plaintiff seeks summary judgment only as to the breach of contract claim alleged against BAM Racing.

The Plaintiff builds high performance engines and provides engine support for NASCAR racing teams such as BAM Racing ("BAM"). The Plaintiff has provided BAM with engines and engine support for several years with a series of one-year agreements. On November 6, 2005, BAM entered into a written agreement for the Plaintiff to provide it engines and engine support for twelve months at a rate of $162,500 per month. The Plaintiff provided these goods and services, but BAM did not tender payment from July 2006 through, and including, October 2006 – leaving an unpaid balance of $513,543.26.[1]

On January 23, 2007, the Plaintiff sent an invoice to BAM to confirm the outstanding balance on its account. BAM returned the invoice on February 6, 2007, with "ok" written next to the amounts totaling $513,543.26, but crossed out two other amounts it considered invalid. On May 4, 2007, Gary Bull, an agent of BAM, contacted the Plaintiff, acknowledged the $513,543.26 owed, and proposed a schedule of payments. On May 9, 2007, BAM made a payment of $100,000 toward this amount – bringing the total undisputed amount owed to $413,543.26. No further payments have been made.

Although not relevant to the subject Motion, the two amounts BAM considers invalid ($182,500 for the months of November and December 2006) are the subject of the quantum meruit/breach of implied contract at law claim against BAM. The fraud and unfair and deceptive trade practices claims against BAM and Mr. Morgenthau involve the conduct of the parties in failing

---

[1] The amount owed includes $26,043.26 from July, and $162,500 from August, September, and October 2006.

to pay amounts allegedly due and terminating the business relationship. And, finally, the Plaintiff attempts to hold the Morgenthaus personally liable for all of its damages by piercing the corporate veil.

## II. **DISCUSSION**

### A. **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment should be granted when the pleadings, responses to discovery, and the record reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." See also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Once the movant has met its burden, the non-moving party must come forward with specific facts demonstrating a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment. Id. at 249-50.

When considering summary judgment motions, courts must view the facts and the inferences therefrom in the light most favorable to the party opposing the motion. Id. at 255; Miltier v. Beorn, 896 F.2d 848, 850 (4th Cir. 1990); Cole v. Cole, 633 F.2d 1083, 1089 (4th Cir. 1980). Indeed, summary judgment is only proper "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there [being] no genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotations omitted).

### B. Breach of Contract Claim

In North Carolina, the elements of a breach of contract claim are: "(1) existence of a valid contract and (2) breach of that contract." Iwtmm, Inc. v. Forest Hills Rest Home, 156 N.C. App. 556, 560, 577 S.E.2d 175, 178 (2003), quoting Poor v. Hill, 138 N.C. App. 19, 29, 530 S.E.2d 838, 845 (2000).

"[W]hen the language of a contract is plain and unambiguous, construction of the language is a matter of law for the court." Mountain Fed. Land Bank v. First Union Nat'l Bank of North Carolina, 98 N.C. App. 195, 200, 390 S.E.2d 679, 682 (1990), citing Clear Fir Sales Co. v. Carolina Plywood Distributors, Inc., 13 N.C. APP. 429, 430, 185 S.E.2d 737, 738 (1972). "In determining the nature of a contract, [the court] give[s] the contract language the construction that the parties intended at the time of formation, as discerned from their writings and actions." Id., citing Walker v. Goodson Farms, Inc., 90 N.C. APP. 478, 486, 369 S.E.2d 122, 126, review denied, 323 N.C. 370, 373 S.E.2d 556 (1988).

There is no dispute over the validity of the written contract nor BAM's indebtedness in the amount of $413,543.26. BAM argues that in spite of its apparent liability on the breach of contract claim, summary judgment is improper because "the facts supporting Arrington's breach of contract claim are inexorably intertwined with the facts supporting Arrington's other claims" – making partial summary judgment "an inefficient use of valuable judicial resources."

While it is true that summary judgment is generally only appropriate after adequate time for discovery, see Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996), there is no need for discovery on the undisputed amount owed under the subject contract. Certainly

discovery will be needed on whether the Morgenthaus can be held personally responsible for BAM's debts, but whether they are personally responsible for the $413,543.26 has no bearing on a determination that BAM Racing is liable. Similarly, the quantum meruit claim relates solely to a different and disputed amount owed, and the fraud and unfair and deceptive trade practices claims will involve discovery on the conduct of the parties in relation to the breach of contract claim, but will not impact BAM's established liability under the contract.

In short, BAM Racing will not be allowed to prolong judicial resolution of its indebtedness on the undisputed claim simply because additional claims remain to be resolved. Accordingly, the Plaintiff's Motion for Partial Summary Judgment will be granted.

### III. ORDER

**NOW, THEREFORE, IT IS ORDERED:**

1. The Plaintiff's Motion for Partial Summary Judgment (document #22) is **GRANTED**.

2. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED, AND DECREED.**

Signed: January 8, 2008

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge